**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Primerica Life Insurance Company,<br><br>Interpleader Plaintiff,<br><br>v.<br><br>Joseph Davis, Lamont Hall, Timeaka Hall, Z.D., a minor child, Janice Harrison, and Zandell Morris,<br><br>Interpleader Defendants. | Case No. _____<br><br>**COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT** |

Plaintiff-Stakeholder Primerica Life Insurance Company, by its undersigned counsel, for its Complaint for Interpleader and Declaratory Relief pursuant to 28 U.S.C. §§ 1335 and 2201 against Defendant-Claimants Joseph Davis, Lamont Hall, Timeaka Hall, Z.D. (a minor child), Janice Harrison, and Zandell Morris, states and alleges as follows:

**PARTIES**

1.     Plaintiff-Stakeholder Primerica Life Insurance Company ("Primerica") is a Georgia corporation, licensed to do business in the State of Minnesota, with its principal place of business in Duluth, Georgia.

2.     Christine Morris  ("Morris" or "Decedent Morris") was a citizen of Minnesota who was killed on May 2, 2025, allegedly by her ex-partner and Defendant-Claimant Joseph Davis. Upon information and belief, at the time of her death, Decedent Morris was a citizen of Minnesota and resided in St. Paul, Ramsey County.

3.      Upon information and belief, Defendant-Claimant Joseph Davis ("Davis") is a citizen of Minnesota and is currently incarcerated in the Ramsey County Adult Detention Center, located at 425 Grove St., St. Paul, Minnesota 55101. Upon information and belief, prior to his incarceration Davis resided in St. Paul, Ramsey County.

4.      Upon information and belief, Defendant-Claimant Lamont Hall ("Lamont")[1] is a citizen of Minnesota and a resident of Hopkins, Hennepin County. Upon information and belief, Lamont is the brother of Decedent Morris.

5.      Upon information and belief, Defendant-Claimant Timeaka Hall ("Timeaka") is a citizen of New York and a resident of New York City, Bronx County. Upon information and belief, Timeaka is the sister of Decedent Morris.

6.      Upon information and belief, Defendant-Claimant Z.D. is a citizen of Minnesota, the minor child of Decedent Morris and Defendant-Claimant Davis, and a resident of Hopkins, Hennepin County. Upon information and belief, Defendant-Claimant Lamont is the legal guardian of Z.D.

7.      Upon information and belief, Defendant-Claimant Zandell Morris ("Zandell") is a citizen of Minnesota and a resident of Minneapolis, Hennepin County. Upon information and belief, Zandell is the brother of Decedent Morris.

---

[1] Because several of the Defendant-Claimants share a last name or have the same last name as the Decedent, Plaintiff-Stakeholder uses their first names in this Complaint for clarity and intends no disrespect.

8.      Upon information and belief, Defendant-Claimant Janice Harrison ("Harrison") is a citizen of New York and a resident of New York City, Kings County. Upon information and belief, Harrison is the aunt of Decedent Morris.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction over this interpleader action under 28 U.S.C. § 1335 because two or more adverse claimants of diverse citizenship are now claiming, or may claim, to be entitled to money in the value of $500 or more in the form of insurance proceeds, which is in the possession of Plaintiff-Stakeholder Primerica. The Defendant-Claimants who are now adversely claiming or may claim this money are citizens of Minnesota and New York.  Plaintiff-Stakeholder Primerica is willing and able to deposit said insurance proceeds into the Court's Registry, plus applicable accrued interest, or to post such bond as the Court may direct.

10.     Venue is proper in the District of Minnesota under 28 U.S.C. § 1397 because one or more of the Defendant-Claimants resides within the District, and because this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## ALLEGATIONS

11.     On or about May 13, 2022, Morris applied for an individual term life insurance policy insured by Primerica. Morris designated herself as the primary insured, Lamont and Timeaka as primary beneficiaries, and Zandell and Harrison as contingent beneficiaries. A true and correct copy of Morris's application, redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 1**.

12.    On May 26, 2022, Primerica issued Life Insurance Policy No. XXXXXX4956 (the "Policy") to Morris as the primary insured with coverage effective June 15, 2022. The Policy provided $198,000 in base term life coverage insuring the life of  Morris and, as of the date of her death, $39,600 in additional coverage under the Increasing Benefit Rider (Form Number ICC15DE0) for total coverage of $237,600, subject to the Policy's terms and conditions. A true and correct copy of the Policy,  redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 2**.

13.    The "Beneficiary Provisions" section of the Policy states in its entirety:

*BENEFICIARY* – The Beneficiary's interest will end if the Beneficiary dies before the Insured. **If no primary Beneficiary is living at the Insured's death, the death proceeds will be paid to any contingent Beneficiary living at the Insured's death.** The proceeds will be paid to the Owner if the Insured dies and there is no living primary or contingent Beneficiary. Proceeds will be paid to the Insured's estate if there is no living Beneficiary or Owner. We may rely on a sworn statement by any responsible person to discover the identity or nonexistence of any Beneficiary not identified by name.

(Policy at 5 (emphasis added).)

14.    On or about April 10, 2023, Decedent Morris applied for a Children's Term Insurance Rider to have her child, Z.D. added to the Policy as an Insured Child. A true and correct copy of the application, redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 3**.

15.    On April 11, 2023, Primerica issued a Policy update to include a Children's Term Insurance Rider, adding Z.D. as an Insured Child, with a benefit amount of $15,000 to age twenty-five (25), with Morris as the beneficiary. A true and correct copy of the updated Policy, redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 4**.

16.     On August 18, 2024, Morris updated her beneficiary designations as follows: Davis (50%), Lamont (25%), and Timeaka (25%) as primary beneficiaries, and Zandell and Harrison as equal 50% contingent beneficiaries. A true and correct copy of the Notice from Primerica confirming the updated beneficiary designations as of August 18, 2024, redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 5**.

17.     On November 17, 2024, Morris updated her beneficiary designations to remove Davis as a beneficiary with the updated beneficiaries as follows: Z.D. (50%)[2], Lamont (25%), and Timeaka (25%) as primary beneficiaries, and Zandell and Harrison as equal 50% contingent beneficiaries. A true and correct copy of the Notice from Primerica confirming the updated beneficiary designations as of November 17, 2024, redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 6**.

18.     On March 31, 2025, Morris updated her beneficiary designations, re-adding Davis as a primary beneficiary, with the updated beneficiaries as follows: Davis (50%), Lamont (25%), and Timeaka (25%) as primary beneficiaries, and Z.D. (50%), Zandell (25%), and Harrison (25%) as contingent beneficiaries. A true and correct copy of the Notice from Primerica confirming the updated beneficiary designations as of March 31, 2025, redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 7**.

19.     On May 2, 2025, Morris was found deceased in her home in Ramsey County with multiple stab wounds during a welfare check. According to a KSTP news article,

---

[2] "Although the November 17, 2024 confirmation listed Z.D.'s relationship as 'Spouse,' Primerica understands Z.D. to be Morris's minor child, and the March 31, 2025 confirmation listed Z.D. as 'child.'

Davis had a history of domestic abuse against Decedent Morris and was arrested the same day after allegedly admitting to "killing the mother of his child." A true and correct copy of the KSTP news article dated May 5, 2025, is attached as **Exhibit 8**.

20.    Davis was convicted of gross misdemeanor domestic assault against Morris on May 11, 2023, and again on January 17, 2024, and was convicted of violating a domestic abuse no-contact order protecting Morris on June 12, 2024. True and correct copies of the sentencing orders from May 11, 2023, January 17, 2024, and June 12, 2024, are attached as **Exhibits 9-11**.

21.    On or about May 13, 2025, Lamont submitted to Primerica a Claimant Statement along with Morris's death certificate. A true and correct copy of Lamont's Claimant Statement with enclosures, redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 12**.

22.    On or about May 13, 2025, Timeaka submitted to Primerica a Claimant Statement along with Morris's death certificate. A true and correct copy of Timeaka's Claimant Statement with enclosures, redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 13**.

23.    On May 13, 2025, Timeaka executed an Irrevocable Assignment of Benefits and Limited Power of Attorney, pursuant to which $5,985.58 of Timeaka's Policy proceeds were assigned to Estes Funeral Chapel and then reassigned in favor of Heritage Memorial Funding (the "Funeral Assignment"). The Funeral Assignment was satisfied in full by Primerica. A true and correct copy of the Irrevocable Assignment of Benefits and Limited

Power of Attorney with supporting documents, redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 14**.

24.    On July 26, 2025, Primerica approved Lamont's claim and sent Lamont a settlement check in the amount of $59,782.85 stating the amount "represents full and final settlement of this claim." This payment resolved Lamont's undisputed 25% primary beneficiary share, including applicable interest. A true and correct copy of the Primerica letter to Lamont, redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 15**.

25.    On July 26, 2025, Primerica approved Timeaka's claim and sent Timeaka a settlement check in the amount of $53,797.22 stating the amount "represents full and final settlement of this claim." This payment resolved Timeaka's undisputed 25% primary beneficiary share net of the Funeral Assignment, with the assigned amount paid directly to the assignee. A true and correct copy of the Primerica letter to Timeaka, redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 16**.

26.    Lamont's and Timeaka's payments resolved only their undisputed respective 25% primary beneficiary shares and did not resolve entitlement to the remaining disputed portion of the Policy proceeds.

27.    After Primerica issued payments to Lamont and Timeaka, the disputed principal amount remaining is $118,800, plus applicable interest, representing Davis's 50% primary beneficiary share of the $237,600 total death benefit. Applicable accrued interest will be calculated under the Policy and applicable law through the date the disputed

proceeds are deposited into the Registry of the Court or otherwise secured as the Court directs.

28.    On August 22, 2025, Davis was indicted on six counts relating to Morris's death.

1.    Second-degree murder with intent to kill, not premeditated;
2.    First-degree murder while committing domestic abuse with past pattern of domestic abuse;
3.    Second-degree murder without intent, while committing a felony;
4.    Second-degree assault with a dangerous weapon;
5.    Second-degree murder with intent, not premeditated;
6.    Felony domestic assault.

29.    The jury trial in Davis's criminal action is currently scheduled for August 31, 2026. A true and correct copy of the Ramsey County Register of Actions for Case No. 62-CR-25-3280, redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 17**.

30.    On April 21, 2026, during a motion hearing in the ongoing criminal proceedings related to Morris's death, Davis stated that he had admitted to one or more family members and the St. Paul Police Department that he had murdered Decedent Morris. A true and correct copy of the April 21, 2026 motion hearing transcript, redacted in accordance with Fed. R. Civ. P. 5.2, is attached as **Exhibit 18**.

31.    Primerica's claim file was referred for interpleader because Davis has been charged in connection with Morris's death and has not disclaimed his interest in the remaining Policy proceeds, leaving unresolved which Defendant-Claimants are legally entitled to the remaining disputed proceeds.

32. Under Minnesota law, if Davis is determined to have feloniously and intentionally killed Morris, he is treated as if he predeceased the insured. Minn. Stat. Ann. § 524.2-803(a).

33. If Davis is legally regarded as predeceasing Morris and disqualified as a beneficiary, a question arises as to whether the remaining disputed share is payable to Lamont and Timeaka as surviving primary beneficiaries or to Z.D., Zandell, and Harrison under the contingent beneficiary designation.

34. Primerica has not paid the remaining disputed portion of the Policy proceeds because Davis has not disclaimed his interest, Davis's criminal proceedings remain pending, and the Defendant-Claimants have asserted or may assert rival claims to the remaining disputed portion of the Policy proceeds. Primerica is unable to determine which Defendant-Claimants are entitled to the proceeds, and Primerica would be exposed to multiple liability if it were to pay such proceeds under the Policy to any of the Defendant-Claimants.

35. Primerica is ready, willing, and able to deposit the remaining Policy proceeds, together with any applicable accrued interest, into the Registry of the Court, or to post such bond as the Court may direct, pending adjudication of the Defendant-Claimants' respective rights to those proceeds.

36. Primerica is commencing this action to cause the remaining Policy proceeds to be paid into the Court's possession so the Court may determine entitlement to those proceeds, and to obtain dismissal from this action with prejudice.

9

## COUNT ONE: INTERPLEADER

37.    Plaintiff-Stakeholder Primerica re-alleges and incorporates by reference each and every allegation stated above.

38.    Defendant-Claimants have asserted and may assert additional conflicting and inconsistent claims with respect to entitlement to the remaining Policy proceeds, and there are potential and actual rival, adverse, and conflicting claims to those proceeds.

39.    Plaintiff-Stakeholder Primerica is unable to resolve the competing legal claims among the Defendant-Claimants. Primerica is an innocent stakeholder that is obligated to pay the remaining Policy proceeds to the parties the Court determines are entitled to those proceeds.

40.    Primerica should not be compelled to become involved in the disputes or contentions of any of the parties to this action.

41.    Without a judicial determination of the dispute that is binding on all parties, Plaintiff-Stakeholder Primerica is at risk of multiple lawsuits, multiple liability, or inconsistent obligations.

42.    Plaintiff-Stakeholder Primerica is entitled to an order from the Court permitting it to pay the remaining Policy proceeds into the Court's registry and possession until the Court adjudicates which Defendant-Claimants are entitled to those proceeds, or, as appropriate, until the Court determines how this action should proceed in light of Davis's pending criminal proceedings.

## COUNT TWO: DECLARATORY JUDGMENT

43.     Plaintiff-Stakeholder re-alleges and incorporates by reference each and every allegation stated above.

44.     An actual and justiciable controversy exists among the Defendant-Claimants regarding entitlement to the remaining Policy proceeds. Defendant-Claimant Davis is listed as a primary beneficiary, but if he is determined to have feloniously and intentionally killed Decedent Morris, Minnesota law treats him as having predeceased Morris, creating a dispute over whether the remaining proceeds are payable to the surviving primary beneficiaries or to the contingent beneficiaries.

45.     Plaintiff-Stakeholder Primerica cannot determine the Defendant-Claimants' competing rights without risking multiple claims, inconsistent obligations, or multiple liability.

46.     Plaintiff-Stakeholder Primerica is ready, willing, and able to deposit the remaining Policy proceeds, plus any applicable accrued interest, into the Registry of the Court, or to post such bond as the Court may direct.

47.     Pursuant to 28 U.S.C. § 2201, Primerica seeks a declaration that it may deposit the remaining Policy proceeds; that the Defendant-Claimants must interplead and litigate their respective rights to those proceeds, subject to any case-management order the Court determines is appropriate in light of Davis's pending criminal proceedings; that, upon deposit, Primerica is discharged from further liability relating to the remaining disputed Policy proceeds; and that the Defendant-Claimants and any persons claiming

11

through them are enjoined from pursuing any action against Primerica relating to those proceeds.

**WHEREFORE**, Plaintiff-Stakeholder Primerica respectfully requests the following relief:

A.      That the Defendant-Claimants be ordered to interplead their claims to the remaining disputed Policy proceeds and that the Court adjudicate the issue of which Defendant-Claimant(s) are entitled to the Policy proceeds;

B.      That Plaintiff-Stakeholder Primerica be permitted to deposit the remaining Policy proceeds, plus applicable accrued interest, into the Registry of the Court, or to post such bond as the Court may direct, to be held until the Court determines the Defendant-Claimants' respective rights to those proceeds or enters any appropriate case-management order pending resolution of Defendant-Claimant Davis's criminal proceedings;

C.      That the Court appoint a guardian *ad litem* to safeguard the interests of Defendant-Claimant Z.D., who is a minor child.

D.      For all costs and disbursements incurred herein, including reasonable attorneys' fees;

E.      That Plaintiff-Stakeholder Primerica be discharged from further liability relating to the remaining disputed Policy proceeds, and that the Defendant-Claimants be permanently restrained from instituting any actions against Primerica with respect to the remaining disputed Policy proceeds pursuant to 28 U.S.C. § 2361;

F.      That Plaintiff-Stakeholder Primerica be dismissed with prejudice with an express finding of finality; and

G.    That such other and further relief as the Court deems just and proper be granted.

Dated:  July 15, 2026                              **MASLON LLP**


By:*/s/Leah N. Kippola-Friske*
   David E. Suchar (#0392583)
   Leah N. Kippola-Friske (#0395467)
   Emilio Giuliani III (#0504559)
225 South Sixth Street, Suite 2900
Minneapolis, MN 55402
Telephone: (612) 672-8200
Email:   david.suchar@maslon.com
            leah.kippola-friske@maslon.com
            emilio.giuliani@maslon.com

**ATTORNEYS FOR INTERPLEADER
PLAINTIFF PRIMERICA LIFE INSURANCE
COMPANY**

13